UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:19CV-P4-TBR

FELIX VALDES                                                                              PLAINTIFF

v.

DR. LEE A. EVANS *et al.*                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Felix Valdes filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

## I. SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate at the Christian County Jail (CCJ). He sues the following Defendants: Dr. Lee A. Evans and Dr. Wells, each identified as a "Doctor/Surgeon" with no place of employment indicated by Plaintiff; Lindsey Harper, identified as a "Nurse/NRA" at CCJ; and Brad Boyd, the Jailer of CCJ. He sues each Defendant in his or her individual and official capacities.

Plaintiff states that on November 27, 2017, he was admitted to the Jennie Stuart Medical Center "due to a hernia surgery appointment by Dr. Lee A. Evans and Dr. Wells." He reports, "I was cut open 6 inches down in-between the left side of my pelvis for this hernia surgery and also had my right tendon of my inner thigh cut while having my right testicle removed improperly by Dr. Wells. I found these things out after the surgery."

According to the complaint, Plaintiff returned to CCJ that afternoon and was ordered to be put him in a detox cell where Plaintiff had to sleep on the floor on a two inch mat until the

next day. He states, "Sgt Moore witnessed my dilemma after my cries of pain and a guard in booking called for help. He gave me two thicker mats, extra blankets and sheet after helping me to the restroom." Plaintiff states that he was then ordered to be moved to another cell. He asserts, "I was lied to that I was going to a medical cell but ended up in segregation in cell 921C where I stayed a week."

Plaintiff reports that after the surgery he "underwent pains in my lower body (groin, pelvis, thighs) but wasn't giving any prescribed medicine, instead two days of ibuprofen off an on." He asserts that after that week he was moved to another pod. Plaintiff further states as follows:

> Since that detrimental surgery at Jennie Stuarts I've endured a year and two months of critical pains in my lower body which prohibits me from sleeping regularly, walking upright entirely and being as active as I once was. Now I'm facing life long injuries and damages from the negligence of Dr. Evans and Dr. Well, and at [CCJ], nurse Lindsey who constantly refused me of my proper medication. So I suffered throughout the year. I've seen her multiple times but still no relief to my please.

He reports that on December 17, 2018, Defendant Harper gave him a two-page "legal document" to sign labeled "'Patient Privacy Notification Form.'" He states that he was informed that it was a document concerning his doctor's appointment and that he needed to sign it. Plaintiff states that he does not read English and that the form should have been provided to him in Spanish. He asserts that the form stated that he did not need to sign it. He states, "I've been lied to and because of surgeon error, I may need another painful surgery, and I fear another removal of my other testicle. I'm distressed its happening and seek legal justice."

Plaintiff states that he was told that Defendant Wells would reschedule an appointment but he has not received a date. He states, "I've been misled and taken advantage of in this situation because of my lack of English comprehension but I am an American citizen." He

continues, "I haven't been recommended anything from the nurses when file and visit sick call, only gotten refusals and lies that there's only one docter in town and that Dr. Lee A. Evans wish to never see me again, not even for check-ups." Plaintiff reports that he also needs to see a doctor "for the pigmentation change of my skin due to the bruising and contusions caused by these doctors malpractice and inhumanity." He states that he last saw Defendant Harper on either December 13 or 14, 2018, "when she claimed to have misplaced my legal documents of privacy and still refused me proper medication."

Plaintiff continues, "Overall, I have consisting pains from pelvis to downward inner thighs and bruises that reach my ankle. I have non-stop itching that accompanies the pains, bringing me mental and emotional distress. There's no relief and nothing's being properly assessed to this day." He reports that he has multiple witnesses and that some are willing to testify on his behalf. He states, "I seek full and impartial justice for the inhumane and unprofessionalism, and ethical violations, of policies and procedures by those rightfully accused."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court

must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.  ANALYSIS

### A.  Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against Defendants Harper and Boyd as brought against their employer, Christian County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the

5

liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was denied medical treatment after his hernia surgery. However, he does not allege that the action or inaction of any Defendant occurred as a result of a policy or custom implemented or endorsed by Christian County. In fact, he alleges that the actions taken were in violation of "policies and procedures." The complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Plaintiff's official-capacity claims against Defendants Harper and Boyd must therefore be dismissed.

Moreover, based on the allegations, it appears that Defendants Evans and Wells were doctors who performed Plaintiff's surgery at Jennie Stuart Medical Center. Nothing in the complaint indicates that they contracted with CCJ to provide medical services for the jail. Therefore, because Defendants Evans and Wells are private actors, they cannot be sued in their official capacities, and the official-capacity claims against them will be dismissed. *See Lester v. Extendicare, Inc.*, No. 6:13-CV-21, 2013 U.S. Dist. LEXIS 100237, at *6-7 (E.D. Ky. July 1, 2013) (finding that "there is no viable 'official capacity' claim against the employee of a private entity").

Accordingly, Plaintiff's official-capacity claims against all Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claim against Defendant Boyd

While Plaintiff lists Defendant Boyd as a Defendant in the complaint form, the complaint does not state any allegations against Defendant Boyd. While the Court has a duty to construe

*pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff fails to state any allegations against Defendant Boyd, he fails to allege how Defendant Boyd was personally involved in the events giving rise to his claims. Therefore, his individual-capacity claim against Defendant Boyd must be dismissed for failure to state a claim.

To the extent that Plaintiff may be suing Defendant Boyd based on his role as Jailer or supervisor of Defendant Harper, the claim must still be dismissed. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto employers or supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Accordingly, Plaintiff's individual-capacity claims against Defendant Boyd will be dismissed for failure to state a claim upon which relief may be granted.

### C. Claims regarding medical treatment

Based on the allegations, the Court will construe the complaint as alleging an Eighth Amendment claim of deliberate indifference to Plaintiff's serious needs against Defendant Harper in her individual capacity and state-law medical malpractice claims against Defendants

Harper, Evans, and Wells. Upon consideration, the Court will allow these claims to proceed for further development.[1]

The Court observes that Plaintiff alleges, "I haven't been recommended anything from the nurses when file and visit sick call, only gotten refusals and lies that there's only one docter in town and that Dr. Lee A. Evans wish to never see me again, not even for check-ups." However, Plaintiff sues only Defendant Nurse Harper. The Court advises the *pro se* Plaintiff that if he wishes to sue additional individuals, he must identify the specific individuals and describe how each individual was personally involved in causing his alleged injuries. The Court will give Plaintiff an opportunity to file an amended complaint to name any other individuals whom he believes caused his injuries and to state specific allegations against each individual. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)

### D. Claims regarding conditions of confinement

Plaintiff also complains that when he returned to CCJ after his surgery, he was required to sleep on the floor on a two-inch mat for one night. He also asserts that he was told that he was being moved to a medical cell but was moved to segregation instead where he stayed for a week.

Because Plaintiff does not indentify any Defendant against whom he seeks to allege a claim based on these allegations, the Court is unsure if he seeks to allege a separate claim based on these conditions. However, even if he had, the allegations concerning his conditions when he returned to CCJ after surgery would fail. A one-day or one-week period without a mattress where an inmate does not allege any specific harm from going without it does not give rise to a constitutional violation. *See Grissom v. Davis*, 55 F. App'x 756, 757-758 (6th Cir. 2003)

---

[1] The Court construes Plaintiff's allegations concerning the Patient Privacy Notification Form as facts in support of his claim that he has been denied proper medical treatment and not as a separate legal claim.

(holding that 7-day period where inmate was not given mattress, blanket, or sheets did not deprive her of basic human needs or cause her to suffer serious harm); *Wells v. Jefferson Cty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (finding that sleeping on a mattress on the floor in a cold cell for six days was not a constitutional violation). Moreover, Plaintiff's one-week stay in segregation does not state a constitutional violation. *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) ("'Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'") (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)).

Accordingly, Plaintiff's claims based on the conditions of his confinement when he returned from surgery will be dismissed for failure to state a claim upon which relief may be granted.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against all Defendants, the individual-capacity claim against Defendant Boyd, and the claims regarding Plaintiff's conditions of confinement are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) because the claims fail to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendant Boyd** as a party to this action.

The Court will enter a separate Order governing the claims which will proceed.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint to identify any**

**additional individuals whom he alleges caused his injuries and describe how each individual was personally involved in causing his alleged injuries**. The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

Date: January 24, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　Christian County Attorney
4413.010