UNITED STATES DISTRICT COURT
WESTERN DISTRCT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00004-TBR

**FELIX VALDES**                                                                                  **PLAINTIFF**

**V.**

**DR. LEE A. EVANS,** *et al.*                                                            **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant Lindsay Harper's Motion for Summary Judgment. [DN 47.] *Pro se* Plaintiff Felix Valdes did not respond. The Court granted Plaintiff an additional 30 days to respond and the time to do so has passed. [DN 48.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [DN 47] is **GRANTED**.

### I.     Background

Plaintiff is an inmate currently incarcerated at Lee Adjustment Center. The events giving rise to this action occurred while Plaintiff was incarcerated at Christian County Jail (CCJ). Plaintiff states that on November 27, 2017, he was admitted to the Jennie Stuart Medical Center "due to a hernia surgery appointment by Dr. Lee A. Evans and Dr. Wells." Plaintiff states, "I was cut open 6 inches down in-between the left side of my pelvis for this hernia surgery and also had my right tendon of my inner thigh cut while having my right testicle removed improperly be Dr. Wells. I found these things out after surgery."

According to the complaint, Plaintiff returned to CCJ later that afternoon and was put in a detox cell where he had to sleep on the floor on a two-inch mat until the next day. Plaintiff claims, "Sgt Moore witnessed my dilemma after my cries of pain and a guard in booking called for help. He gave me two thicker mats, extra blankets and sheet after helping me to the restroom." Plaintiff

states that he was then ordered to be moved to another cell. He asserts, "I was lied to that I was going to a medical cell but ended up in segregation in cell 921C where I stayed a week."

Plaintiff alleges that, after the surgery, he "underwent pains in [his] lower body (groin, pelvis, thighs) but wasn't giving any prescribed medicine, instead two days of ibuprofen off an on." He asserts that after that week he was moved again, and further states:

> Since that detrimental surgery at Jennie Stuarts I've endured a year and two months of critical pains in my lower body which prohibits me from sleeping regularly, walking upright entirely and being as active as I once was. Now I'm facing life long injuries and damages from the negligence of Dr. Evans and Dr. Well, and at [CCJ], nurse Lindsey who constantly refused me of my proper medication. So I suffered throughout the year. I've seen her multiple times but still no relief to my please.

Plaintiff reports that on December 17, 2018, Defendant Harper gave him a two-page "legal document" to sign labeled "Patient Privacy Notification Form." He states that he was informed that it was a document concerning his doctor's appointment and that he needed to sign it. Plaintiff states that he does not read English and that the form should have been provided to him in Spanish. The form allegedly stated that a signature was not required. Plaintiff alleges "I've been lied to and because of surgeon error, I may need another painful surgery, and I fear another removal of my other testicle. I'm distressed its happening and seek legal justice."

Plaintiff states that he was told that Defendant Wells would reschedule an appointment but he has not received a date. He states "I've been misled and taken advantage of in this situation because of my lack of English comprehension but I am an American citizen." He states further that "I haven't been recommended anything from the nurses when file and visit sick call, only gotten refusals and lies that there's only one doctor in town and that Dr. Lee A. Evans wish to never see me again, not even for check-ups." Defendant Dr. Evans testifies in his affidavit that he, in fact, did have a follow-up appointment with the Plaintiff. Dr. Evans attests that "[o]n December 19, 2018, Felix Valdes presented to the Urology Department for new reports of left, nonpainful

2

scrotal swelling and pain along the right upper scrotum. I diagnosed Felix Valdes with a new small, left spermatocele currently asymptomatic and recommended further observation." (DN 13-2).

Plaintiff reports that he also needs to see a doctor "for the pigmentation change of my skin due to the bruising and contusions cause by these doctors malpractice and inhumanity." Plaintiff alleges that "Overall, I have consisting pains from pelvis to downward inner thighs and bruises that reach my ankle. I have non-stop itching that accompanies the pains, bringing me mental and emotional distress. There's no relief an nothing's being properly assessed to this day."

This Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (DN 6). Upon review, the Court explained:

> Based on the allegations, the Court will construe the complaint as alleging an Eighth Amendment claim of deliberate indifference to Plaintiff's serious needs against Defendant Harper in her individual capacity and state-law medical malpractice claims against Defendants Harper, Evans, and Wells. Upon consideration, the Court will allow these claims to proceed for further development.

The Court dismissed the claims against Defendants Evans and Wells. [DN 42.] Defendant Harper now moves for summary judgment.

## II.  Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel*

*v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonable find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### III.  Discussion

**A.  Failure to Produce an Expert**

Defendant first argues Plaintiff's failure to produce an expert is fatal to his case. This Court dismissed the medical malpractice claims against Defendants Evans and Wells in part due to Plaintiff not providing an expert. This Court held:

> "To prove his case, Plaintiff must provide expert testimony establishing the applicable standard of care and breach thereof. Plaintiff has failed to provide any expert testimony. Furthermore, Plaintiff has made clear that he will be unable to acquire expert testimony in this case. Plaintiff is not entitled to the appointment of an expert witness at Court expense. Therefore, the Defendants would be entitled to summary judgment even if Plaintiff's claims were not barred by the statute of limitations as discussed above."

[DN 42 at 9.] Therefore, the Court must dismiss Plaintiff's medical malpractice claim against Defendant Harper.

Defendant also argues Plaintiff's Eighth Amendment deliberate indifference claim must also be dismissed for failure to produce an expert. Plaintiff alleges Defendant did not provide him with the proper medication after his surgery. "[W]hen a prisoner alleges that a delay in treatment

4

or inadequate medical treatment resulted in a serious medical condition, that prisoner must provide medical proof that the delay or inadequate treatment resulted in the serious medical condition to satisfy the objective component of the deliberate indifference inquiry." *Jackson v. Gibson*, 779 F. App'x 343, 346 (6th Cir. 2019). The Sixth Circuit also does not "limit situations where we require medical proof only to cases involving sophisticated injuries." *Id.* Due to Plaintiff failing to produce an expert, Defendant is entitled to summary judgment.

## B. Administrative Remedies

The Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing Jones, 549 U.S. at 204).

Here, the Grievance Procedure at the CCJ requires an inmate to file a grievance within 48 hours of the incident. [DN 47-5 at PageID 313.] Defendant has served Interrogatories, Requests for Production of Documents, and Requests for Admission on Plaintiff twice—once on June 25, 2019 and again on October 9, 2019. [DN 47-1 at 2.] Valdes has not responded to either request. Defendant argues the matters must be deemed admitted because Plaintiff has not responded. Fed.

5

R. Civ. P. 36(a)(3) states, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." However, "[d]istrict courts within the Sixth Circuit have noted their disinclination to strictly applying Rule 36(a)(3) against a *pro se* party. *Lusco v. DAE Indus*., 2018 U.S. Dist. LEXIS 146802, *11 (W.D. Ky. Aug. 29, 2018). Plaintiff also was not warned that failure to respond would deem those matters admitted. *See id.* at 10 (Though "Lusco's initial responses to its requests for admissions were untimely, Lusco was proceeding *pro se* and was not initially notified that failing to respond would result in the requests being admitted as true.") Although unlike Lusco, Plaintiff still has not responded, the Court will not deem the discovery requests admitted.

Nonetheless, Plaintiff's claims are still barred because Defendant has provided his file from CCJ and only one grievance is included. This grievance is not related to the incident in this case. [DN 47-3 at PageID 300.] Therefore, Plaintiff has not exhausted his administrative remedies and his claims must be dismissed.

The Court need not address Defendant's arguments on the merits of Plaintiff's claims due to dismissal on other grounds.

## C. Failure to Comply with Court Orders

Defendant argues Plaintiff's failure to file a pretrial memorandum as ordered by this Court is grounds for dismissal. This Court ordered Plaintiff to file a pretrial memorandum no later than January 20, 2020. [DN 40 at PageID 178.] Plaintiff did not file his memorandum. The Court warned Plaintiff that failure to comply with Court Orders may result in dismissal. [*Id.* at PageID 179.]

Fed. R. Civ. P. 41(b) states, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The "Sixth Circuit has permitted dismissal where a *pro se* plaintiff 'failed to adhere to readily comprehended court deadlines of which he was well-aware.'" *Sisemore v. Henry Cty.*, 2018 WL 739030, at *2 (W.D. Tenn. Feb. 6, 2018) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Due to Plaintiff's failure to file a pretrial memorandum in accordance with the Orders of this Court, dismissal is warranted.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [DN 47] is **GRANTED**. A separate Judgment will follow.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 14, 2020

cc: Felix O. Valdes
　　301813
　　LEE ADJUSTMENT CENTER
　　Inmate Mail
　　168 Lee Adjustment Center Drive
　　Beattyville, KY 41311
　　PRO SE